IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYNNIE M. VELEZ ORTIZ<br><br>Plaintiff<br><br>v.<br><br>DEL VALLE RODRIGUEZ LAW OFFICES P.S.C<br><br>Defendant | Civil No. 23-cv-1220<br><br>Re: Violations of the Fair Debt Collection Practices Act. |

CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff, **Lynnie M. Velez Ortiz**, on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated through the undersigned counsel, and before this Honorable Court respectfully STATES, ALLEGES, and PRAYS as follows:

I.    INTRODUCTION

1.    This action seeks redress for the unlawful and deceptive collection practices committed by the Defendants in connection with their efforts to collect on a consumer debt against Plaintiff and other similarly situated (coupled, "Plaintiffs").  Plaintiffs allege that Defendant violated the Fair Debt Collection Practice Act ("FDCPA") by engaging in unlawful and deceptive collection practices.  Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

II.    JURISDICTION AND VENUE

2.    Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

1

3.      Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

### III.    THE PARTIES

4.      Plaintiff, **Lynnie M. Velez Ortiz**, is a natural person and a citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of Toa Alta, Puerto Rico. Plaintiff is a "consumer" as such term is defined by the FDCPA.

5.      Defendant, **Del Valle Rodriguez Law Offices, P.S.C.** (hereinafter, "DVR," or "Defendant" hereinafter) is a Puerto Rico Domestic For-Profit Corporation engaged in the business of collecting consumer debts. Defendant operates from offices located at Capital Center Building Suite 802, San Juan PR, 00918. Defendant DVR regularly collects or attempts to collect on behalf of others. Moreover, Defendant DVR conducts its business through the use of interstate commerce, such a telephone, the U.S. Postal Service and/or e-mail communications. Accordingly, Defendant DVR is a "debt collector," as such term is defined by the FDCPA. At all times material to the allegations of this complaint, **DVR** was acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

6.      Defendants, **Insurance Companies ABC**, are the insurance companies of the DVR in this Complaint who are liable for the acts against the Plaintiff and are therefore responsible for the damages and acts alleged in this Complaint.

7.      Defendants, **John Doe and Jane Doe,** are fictitious names for unknown persons who participated in the act and omissions against Plaintiff and/or who are successors of Defendant, all responsible for the damages suffered by the Plaintiff.

2

## IV.   THE FACTS

    a.  **General Allegations.**

8.   Plaintiff re-alleges each and every previous allegation as if fully established herein.

9.   Plaintiffs are all natural persons.

10.   The Plaintiff, as a natural person and allegedly obligated to pay a Consumer Debt, is a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

11.   Sometime before May 8, 2022 Plaintiff accumulated a debt with Banco Popular de Puerto Rico. (the "Consumer Debt").

12.   The Consumer Debt resulted from a personal loan which Plaintiff incurred for the benefit of Plaintiff's personal, household, or family purposes. Accordingly, the Consumer Debt is a "debt" as such term is defined by 15 U.S.C. §1692a(5).

13.   Sometime prior to May 8, 2022, Banco Popular de Puerto Rico (hereinafter "BPPR") hired Del Valle Rodriguez Law Offices P.S.C. (hereinafter "DVR") for the services of collecting on the Consumer Debt.

    b. **Allegations Related to FDCPA Violations**

14.   On behalf of clients, Defendant DVR regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. In other words, Defendant is in the business of and regularly collects or attempts to collect on behalf of others. For example, Defendant regularly engages in collections or attempts to collect consumer debts for multiple banking institutions and credit unions. Such collections include, as in this case, sending collection letters and initiating debt collection litigation. In fact, Defendant's own website, "dvrlaw.com", highlights "Money Collection" as one of the primary lines of services

rendered by Defendant DVR. Defendant's website also indicates that DVR's practice is "Focused on serving the creditors, with the objective of recovering their debts." Finally, in published newspaper articles, DVR alleges to have been providing collection services from its San Juan office since the year 1980.

15. Defendant DVR is a "debt collector" as such term is defined in 15 U.S.C. §1692a(6).

16. On May 8, 2022, Defendant mailed a collection letter to Plaintiff seeking to collect on the Consumer Debt (the "Initial Communication"). *See*, **Exhibit A**.

17. The Initial Communication was sent through means of interstate commerce; namely, via first-class United States Mail.

18. The Initial Communication violated multiple provisions of the FDCPA, including, Section 1692g(3) and (4); and Section 1692e(11).

19. On March 12, 2023, Defendant sent a subsequent debt collection letter to Plaintiff seeking to collect on the Consumer Debt (the "Subsequent Communication"). *See*, **Exhibit B**.

20. Amongst others, the Subsequent Communication violated Section 1692e(11) of the FDCPA.

   c. **Allegations Related to Damages.**

21. As a result of Defendant's conduct, Plaintiff suffered tangible and intangible injuries.

22. Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and emotional harm that resulted from Defendants multiple violations of the FDCPA. For example, because Plaintiff was not made aware – in accordance with the FDCPA – of her debt validation rights and/or of the fact that the communicating party in the Initial and Subsequent Communications

was merely a debt collector, the Plaintiff was confused into the incorrect belief that she needed to pay the alleged debt without disputing the validity of the same. In response, the Plaintiff segregated funds from her meager monthly budget; this resulted in Plaintiff having to late fees and additional interest in other bills Plaintiff was not able to pay in the ordinary course. Plaintiff also invested significant amount of time investigating the allegations in the Letter, thus, resulting in an opportunity cost and actual monetary damages. Similarly, Plaintiff suffered emotional damages via stress, headaches, anxiety, amongst others.

23. Additionally, Plaintiff suffered intangible injuries. Amongst others, the confusion and contradiction created by the invalid Validation Notice in the Initial Communication exposed Plaintiff to the risk of having to pay a debt without having the opportunity to dispute the same. This is precisely the type of harm Congress intended to prevent via the FDCPA. In addition, the Initial Communication and the Subsequent Communication were tantamount to an intrusion of solitude which violated Plaintiff's right of privacy.

### V. COUNT I – VIOLATION OF SECTION 1692g

24. Plaintiff re-alleges each and every previous allegation as if fully established herein.

25. Plaintiff brings Count I on her own behalf and on behalf of others similarly situated.

26. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), expressly states the disclosures which debt collectors must disclose in their "initial communications" with consumers.

27. Specifically, pursuant to *15 U.S.C §1692g(a)* the debt collectors must – in their initial communications - with consumers the following information:

> (3) a statement that unless the consumer, within thirty days
> **after receipt of the notice**, disputes the validity of the debt, or

5

any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer **notifies the debt collector in writing** within the thirty-day period that the debt, or any portion thereof, **is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification** or judgment will be mailed to the consumers by the debt collector;

*See, 15 U.S.C §1692g(a)(2) and (3).* (Emphasis added).

28. Th2 Section 1692g(a) language, "commonly referred to as a 'validation notice,' gives the consumer the information necessary to challenge the debt allegedly owed before making payment." *See*, Russell v. Equifax A.R.S., 74 F.3d 30, 32-33 (2d Cir. 1996).

29. It is settled that the "[Seventh] and other circuits have long interpreted *§1692g* to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors." *See*, Steffek v. Client Servs., Inc. 948 F.3d 761 (7th Cir. 2020).

30. Accordingly, "[i]t is not enough for a debt collection agency simply to include the property debt validation notice in a mailing to a consumer [rather] Congress intended that such notice be clearly conveyed." *See*, Graziano v. Harrison, 950 F.2d 107, 111 (3rd Cir. 1991).

31. The May 8, 2022 Letter, which is attached hereto as **Exhibit A,** was the 'initial communication' mailed by Defendant to Plaintiff (hereinafter, the "Initial Communication").

32. The Initial Communication is a template and a form letter which - in identical form and substance - is mailed to all consumers from whom Defendant attempts to collect as an 'initial communication.'

33. Pursuant to the mandates of 1692g(a)(3) of the FDCPA, Defendant's Initial Communication was obligated to clearly convey to Plaintiff that Plaintiff had the right to dispute

the validity of the debt during the period commencing **on the date of receipt** of the Initial Communication and ending on the 30th day after the receipt of the Initial Communication.

34.     Defendant's Initial Communication failed to clearly convey to Plaintiff – as required by the 1692g(a)(3) of the FDCPA – that Plaintiff had the right to dispute the validity of the debt during the period **commencing on the date of receipt** of the Initial Communication and ending on the 30th day thereafter.

35.     To the contrary, the Initial Communication incorrectly and falsely informed Plaintiff that the debt validation period commenced to run from May 8, 2022; a disclosure that was incorrect and false.

36.     By demanding that any dispute or "objection" be completed or "presented" within 30 days of May 8, 2022, Defendant attempted to shorten, limit and restrict the 30-day period to dispute a debt created by Congress.  *See*, Diaz v. Residential Credit Solutions, Inc., 965 F. Supp. 2d 249, 261 (E.D.N.Y. 2013)(by requiring the notice to be received by the debt collector within thirty days, the validation notice shortens the period during which the recipient may seek verification of the debt; therefore, the validation notice violates the FDCPA because it contradicts the Plaintiff's rights under §1692g).

37.     Pursuant to the mandates of 1692g(a)(4) of the FDCPA, Defendant's Initial Communication was obligated to clearly convey to Plaintiff that to trigger the debt validation provisions of the FDCPA, she needed to notify her dispute to Defendant in "writing."

38.     Defendant's Initial Communication failed to clearly convey to Plaintiff – as required by the 1692g(a)(4) of the FDCPA – that Plaintiff needed to dispute the debt – IN WRITING – in order to trigger the debt validation provision of the FDCPA.

39. The Initial Communication violated 15 U.S.C. §1692g(a)(3) and 1692g(a)(4), respectively.

40. As a result of Defendant's multiple violations of Section 1692g, Plaintiff is entitled to an award of actual damages, statutory damages, attorney fees, and costs pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

### VI.     COUNT II VIOLATION OF REGULATION F

41. Plaintiff re-alleges each previous allegation as if fully established herein.

42. The Plaintiff brings Count II on her own behalf and on behalf of others similarly situated.

43. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors are required to disclose in the Initial Communication.  *See*, 12 C.F.R. § 1006.34(c)

44. Amongst others, such information includes "the itemization date" (See, § 1006.34(c)(2)(vi)), "the amount of the debt on the itemization date" (See, § 1006.34(c)(2)(vii)), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date"(See, § 1006.34(c)(2)(viii)). Itemization date means any one of the following five reference dates for which a debt collector can ascertain the amount of the debt: 1) last statement date, 2) charge-off date, 3) last payment date, 4) transaction date, 5) judgment date. See, 12 C.F.R. § 1006.34(b)(3).

45. Furthermore, Regulation F requires that the information provided in the initial communication be "clear and conspicuous" which means "readily understandable."  See, 12 C.F.R. § 1006.34(b)(3).

46. Furthermore, under § 1006.34(c)(3)(iv), debt collectors collecting on a consumer finance product must furnish information regarding consumer's available rights as provided by the Consumer Financial Protection Bureau ("CFPB"). Specifically, Regulation F requires "a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection." See, 12 C.F.R. § 1006.34(c)(3)(iv).

47. Defendant violated 15 U.S.C. § 1692g(a) and 12 C.F.R. § 1006.34 by and through its failures to provide Plaintiff with the information required by Regulation F in the Initial Communication.

48. Amongst others, Defendant: (a) failed to provide the itemization date in accordance with Regulation F, (b) failed to provide a "clear and conspicuous" and/or "readily understandable initial communication in accordance with Regulation F, (c) Defendant failed to provide an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date, (d) Defendant failed to provide a statement informing Plaintiff that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection."

49. In summary, Defendant DVR failed to comply with Section 1692g, as implemented and supplemented by Regulation F.

50. As a result of Defendant's multiple violations of Section 1692g, Plaintiff is entitled to an award of actual damages, statutory damages, attorney fees, and costs pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

### VII.   COUNT III – VIOLATION OF 15 U.S.C. §1692e

51. Plaintiff re-alleges each and every previous allegation as if fully established herein.

52. Plaintiff brings Count III on her own behalf and on behalf of others similarly situated

53. *15 U.S.C. § 1692e(11)* provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications **that the communication is from a debt collector,** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*See,* 15 U.S.C. § 1692e(11).

54. Section 1692e(11) incorporates two separate and distinct mandates upon debt collectors. First, in the "***initial communication***" the debt collector must disclose that: (a) the communicating party is a "debt collector," and (b) the communicating party "is attempting to collect a debt and that any information will be used for that purpose". *See,* 15 U.S.C. § 1692e(11), *supra*. Second, in any "***subsequent communications***" the debt collector must disclose that the "communication is from a debt collector". Id.

55. The FDCPA mandates strict compliance with its disclosure requirements of 1692e(11). *See,* <u>Masciarelli v. Boudreau & Associates</u>, 529 F.Supp.2d 183 (D. Mass. 2007) ("a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communication...").

56. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff, clearly and effectively, that it was a "debt collector."

57. The May 8, 2022 Letter was the "Initial Communication" as such term is defined by the FDCPA. See, **Exhibit A**.

58. The "Initial Communication" failed to, clearly and effectively, disclose to Plaintiff the purpose and role of Defendant in the Initial Communication was that of a "debt collector".

59. As of May 8, 2022 Defendant had not done any meaningful legal work in relation to the Consumer Debt. To wit, as of May 8, 2022, no attorney at DVR had reviewed Plaintiff's file, the Consumer Debt, or otherwise to render any meaningful legal judgement.

60. Yet, in the Initial Communication, Defendant falsely alleged that it was acting as an attorney; when it fact, it was merely a debt collector.

61. Defendant failed to disclose to Plaintiff that it was acting as a "debt collector" as Defendant was obligated to disclose pursuant to Section 1692e(11).

## VIII.   CLASS ALLEGATIONS

62. Plaintiff re-alleges each previous allegation as if fully established herein.

63. Plaintiff brings Counts I, II, and III on behalf of herself and a class of similarly situated persons, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

64. The Class consists of: (a) all natural persons with a Puerto Rico address; (b) who were sent a letter in the form represented by **Exhibit A**, (c) on or after a date one year prior to the filing of this action; and (d) on or before a date 20 days after the filing of this Complaint.

65. The class members are so numerous that joinder is impracticable.

66. On information and belief, based on the use of a form letter such as the one attached hereto as **Exhibit A**, there are more than 1,000 natural persons with a Puerto Rico address in the class defined herein.

67. There are questions of law and fact common to all class members, which predominate over any question that affects only individual class members.

68. The predominant questions are:

    (a) Whether **Exhibit A** is a form letter.

    (b) Whether **Exhibit A** violates the FDCPA; and

    (c) The liability of Defendant Del Valle Rodriguez Law Offices P.S.C. for the action of sending **Exhibit A**.

69. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

71. A class action is superior to other alternative methods of adjudicating this dispute, in that:

    a. Individual cases are not economically feasible,

    b. Many consumers may not realize their rights are violated, and

    c. Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

### IX.     CLASS IV – VIOLATION OF SECTION 1692E(11)

72. Plaintiff re-alleges each and every previous allegation as if fully established herein.

73. *15 U.S.C. § 1692e(11)* provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications **that the communication is from a debt collector,** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*See,* 15 U.S.C. § 1692e(11).

74. Section 1692e(11) incorporates two separate and distinct mandates upon debt collectors. First, in the "*initial communication*" the debt collector must disclose that: (a) the communicating party is a "debt collector," and (b) the communicating party "is attempting to collect a debt and that any information will be used for that purpose". *See*, 15 U.S.C. § 1692e(11), *supra*. Second, in any "*subsequent communications*" the debt collector must disclose that the "communication is from a debt collector". Id.

75. The FDCPA mandates strict compliance with its disclosure requirements of 1692e(11). *See,* <u>Masciarelli v. Boudreau & Associates</u>, 529 F.Supp.2d 183 (D. Mass. 2007) ("a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communication...").

76. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff, in any "subsequent communication," that it was a "debt collector."

77. The March 12, 2023 Letter was a "Subsequent Communication." The March 12, 2023, Letter is attached hereto as **Exhibit B**.

78. The "Subsequent Communication" failed to disclose, clearly and effectively, that Defendant was a "debt collector."

79. Defendant's failure to clearly and effectively convey, without confusion or contraction, its identity as a "debt collector" in the Subsequent Communication violated Section 1692e(11).

80. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory and compensatory damages as well as an award of costs and attorney fees all pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, in view of the foregoing, Plaintiffs respectfully request this Honorable Court enter a Judgment in Plaintiffs' favor the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 4th day of May 2023.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com